UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80780-CIV-MARRA/MATTHEWMAN

CHRISTOPHER KYLE MOURA, on his
own behalf and others similarly situated,

Plaintiff,

vs.

CULINARY ADVISORS, INC., and
ERIK PETTERSEN, individually,

Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Plaintiff's Motion to Dismiss Counterclaims (DE 10). Defendant has filed a response (DE 11). No reply memorandum has been filed. The Court has carefully considered the Motion and is otherwise fully advised in the premises.

I. Background

On August 8, 2013, Plaintiff Christopher Kyle Moura ("Plaintiff") filed a Complaint, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA") for failure to overtime pay. (DE 1.) On October 1, 2013, Defendant Culinary Advisors, Inc. ("Defendant") filed an Amended Answer, Affirmative Defenses and Counterclaim. (DE 9.) The counterclaim states that on several occasions in August, October and November of 2012, Defendant made salary cash advances to Plaintiff for a total of $6,500.00. (Counterclaim ¶ 5.) Defendant's Affirmative Defense Eight seeks a set-off for these cash advances. (Affirmative Defense Eight.)

Plaintiff seeks to dismiss this Counterclaim, claiming it does not arise out of a common nucleus of operative facts with the FLSA claim, it raises novel and complex issues of state law,

and was not properly identified as either permissive or compulsory.  Defendant contends that the set-off counterclaim is interposed to reduce Plaintiff's FLSA recovery and is therefore sufficiently related.

II.  Discussion

The Court begins its analysis with an examination of the Supplemental Jurisdiction statute, 28 U.S.C. § 1367.  That statute provides in pertinent part:

> ... in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a).

In determining whether state law claims "are so related" to a federal claim, a court should examine "whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence." Hudson v. Delta Air Lines, Inc., 90 F.3d 451, 455 (11th Cir.1996); see Lucero v. Trosch, 121 F.3d 591, 598 (11th Cir.1997) (finding state and federal claims derive from common nucleus of operative facts because the claims rely on identical actions of defendants); Palmer v. Hospital Auth. of Randolph County, 22 F.3d 1559,1563-64 (11th Cir.1994) (standard met when federal and state claims involve same witnesses, presentation of same evidence, determination of same facts); L.A. Draper & Son v. Wheelabrator-Frye, Inc., 735 F.2d 414, 427 (11th Cir.1984) (acts by same witnesses were basis for both federal and state claims).  Section 1367 also gives the Court the discretion to decline to exercise supplemental jurisdiction over a claim arising under state law when: (1) the claim raises a novel or complex issue of State law; (2) the claim substantially predominates over the claim or claims over which the district court has original

jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

It is without question that a claim brought pursuant to the FLSA provides a private right of action, grounded in federal law, and therefore creates federal question jurisdiction. 29 U.S.C. 216(b), 28 U.S.C. § 1331; see Palmer, 22 F.3d at 1563.  The pivotal question before the Court then is whether the counterclaim and the FLSA claim arise out of a common nucleus of operative facts.  The Court finds that they do.  The documentary evidence and witness testimony needed to prove the FLSA violation will likely be similar to the evidence relative to the counterclaim for pay advances. Additionally, Defendant will need to show similar evidence relating to the alleged overpayments to Plaintiff.   Lastly, the Court finds that none of the grounds for declining to exercise supplemental jurisdiction apply here.[1]

With respect to Plaintiff's argument that Defendant cannot assert this counterclaim because it did not state whether the counterclaim was filed as compulsory or permissive, the Court notes that, generally speaking, if a counterclaim is permissive rather than compulsory, the Court must find an independent jurisdictional basis, such as federal question or diversity jurisdiction, for the counterclaim to proceed in federal court.  See East-Bibb Twiggs Neighborhood Assoc. v. Macon Bibb Planning & Zoning Commission, 888 F.2d 1576, 1578 (11th Cir.1989).  That stated, there is a line of cases recognizing that permissive counterclaims for set-off may proceed, despite the lack of an independent basis for jurisdiction, when the

---

[1] Plaintiff contends that the counterclaim will cause "confusion." (Mot. at 4.)  The Court does not agree, given that both the FLSA claim and counterclaim involve one issue; namely, payment to Plaintiff.

3

counterclaim is interposed defensively as a set-off to reduce a plaintiff's recovery but does not seek affirmative relief.  See Lefkovitz v. Wagner, 395 F.3d 773, 781 (7th Cir. 2005); United States v. Heyward-Robinson Co., 430 F.2d 1077, 1081 n.1 (2d Cir. 1970); Revere Copper & Brass, Inc. v. Aetna Cas. & Sur. Co., 426 F.2d 709, 715 (5th Cir. 1970)[2]; Owner-Operator Independent Drivers Assoc., Inc. v. Arctic Express, Inc., 238 F. Supp. 2d 963, 969 (S.D. Ohio 2003); Allapattah Svcs., Inc. v. Exxon Corp., 157 F. Supp. 2d 1291, 1322-23 (S.D. Fla. 2001); see also 13 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 3523 (2d ed. 1984).  Thus, if this exception applies it would allow Defendants to present evidence to reduce Plaintiff's recovery, if Plaintiff prevails on his FLSA claims.[3]

Before making that determination, the Court must first consider the applicability of a set-off defense in FLSA cases.  In Brennan v. Heard, the former Fifth Circuit considered the appropriateness of set-offs applied for the value of goods furnished by the employer to the employee against the amount due in back pay in a FLSA case. Brennan v. Heard, 491 F.2d 1, 3 (5th Cir. 1974), overruled on other grounds, McLaughlin v. Richland Shoe Co., 486 U.S. 128

---

[2] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit.  Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

[3] The Court notes that some Circuits have held that 28 U.S.C. § 1367, which became law in 1990, "displaced . . . whatever validity inhered in the earlier view that a permissive counterclaim requires independent jurisdiction." Jones v. Ford Motor Credit Co., 358 F.3d 205, 213 (2d Cir. 2004); accord  Global NAPs, Inc. v. Verizon New England Inc., 603 F.3d 71, 87 (1st Cir. 2010); Channell v. Citicorp Nat'l Servs., Inc., 89 F.3d 379, 385 (7th Cir. 1996).  The Eleventh Circuit has not spoken on this issue.  Based on these cases, the Court rejects Plaintiff's argument that it was necessary for Defendant to state whether the counterclaim is compulsory or permissive.

(1988). That case held that, in FLSA cases, set-offs may not result in sub-minimum wage payments to an employee. Id. at 1. In rejecting the use of set-offs in FLSA cases, the Brennan Court stated that the "FLSA decrees a minimum unconditional payment and the commands of that Act are not to be vitiated by an employer, either acting alone or through the agency of a federal court. . . .Set-offs against back pay awards deprive the employee of the 'cash in hand' contemplated by the Act, and are therefore inappropriate in any proceeding brought to enforce the FLSA minimum wage and overtime provisions." Id. at 4. A later Fifth Circuit case, Singer v. City of Waco, Tex., 324 F.3d 813, 828 n.9 (5th Cir. 2003) pointed out that Brennan does not prohibit a set-off when the set-off will not cause a plaintiff's wages to dip below the statutory minimum. In Singer, overpayments of wages paid to employees in some work periods were set-off against shortfalls in other work periods.[4] Id. at 828. Here, based on the allegations in the counterclaim, these payments were advance wage payments and thus fall under the Singer exception. Allowing such a set-off would not result in Plaintiff failing to receive the overtime payments to which he was allegedly entitled under the FLSA. Thus, the set-off counterclaim may proceed.

---

[4] The Fifth Circuit further clarified the Singer exception in Martin v. PepsiAmericas, Inc., 628 F.3d 738 (5th Cir. 2010). In Martin, the Fifth Circuit stated that Singer does *not* stand for the proposition set-offs are allowed in FLSA cases so long as they do not result in sub-minimum wages. Id. at 742. Instead, Singer allows for a narrow exception based on the unique character of the set-offs in that case; namely, that they represented overtime obligations already fulfilled. Id.

III. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Dismiss Counterclaims (DE 10) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 12th day of March, 2014.

_____
KENNETH A. MARRA
United States District Judge